ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ           1412
DELLA A. BELATTI        7945
SARAH R. DEVINE         9673
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK L. OYAMA, | ) CIVIL NO. 12-00137 HG-BMK |
| | ) |
| Plaintiff, | ) PLAINTIFF'S REPLY MEMORAN- |
| | ) DUM IN SUPPORT OF MOTION |
| vs. | ) FOR RECONSIDERATION;  CER- |
| | ) TIFICATE OF SERVICE |
| UNIVERSITY OF HAWAII; | ) |
| CHRISTINE SORENSEN; | ) |
| JEFFREY MONIZ; JOHN | ) |
| DOES 1-25; JANE DOES 1-25 | ) |
| | ) |
| Defendants. | ) |
| | ) |

PLAINTIFF'S REPLY MEMORANDUM IN SUP-
PORT OF MOTION FOR RECONSIDERATION

Pursuant to Rule 59, Federal Rules of Civil Procedure, Plaintiff is seeking reconsideration to correct a manifest error of fact and law upon which the

Court's previous decision was based. In seeking reconsideration pursuant to Rule 60 we do, indeed, contend that in their original moving papers and at the hearing on the parties' cross-motions the Defendants relied heavily upon their characterization of Plaintiff's effective termination from the teacher certification program as an "academic determination" and thereupon suggested that the Court should defer to the academicians who expelled Plaintiff from a College of Education program in which he had excelled. By doing so, Defendants intentionally and deliberately misled the Court thereby resulting in a clearly erroneous finding that "the Defendants' decision to deny [Plaintiff's] student teaching application was an *academic decision* based on professional judgment" (emphasis supplied). In essence, the Defendants and their counsel have made, and continue to make, the same misrepresentations so that the real motivations for their actions cannot and will not be the subject of a trial before an appropriate finder of fact.

The additional exhibits attached to Plaintiff's motion for reconsideration clearly confirm that his complaint was *not* handled by the University's established academic review process and was, instead, adjudicated through an ad hoc procedure that was controlled by the very same persons who made the initial decision which was adverse to Plaintiff. In her letter to Plaintiff and in her deposition testimony Defendant Sorensen acknowledged that the

process was flawed although she steadfastly and self-righteously upheld and defended the results.

Accordingly, we submit that there has been a miscarriage of justice which this Court can and should remedy by withdrawing its previous decision granting Defendants' motions for summary judgment.

DATED: Honolulu, Hawaii, June 7, 2013.

/s/ Eric A. Seitz
ERIC A. SEITZ
DELLA A. BELATTI
SARAH R. DEVINE

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that one copy of the foregoing document was duly served by CM/ECF on this date to the following parties at their last known address.

>RYAN M. AKAMINE, ESQ.
>CHRISTINE TAMASHIRO, ESQ.
>Associate General Counsel
>University of Hawaii
>2244 Dole Street, Bachman Hall 110
>Honolulu, Hawaii 96822
>ryan.akamine@hawaii.edu
>
>Attorneys for Defendants

DATED:   Honolulu, Hawaii, June 7, 2013.


/s/   Eric A. Seitz
ERIC A. SEITZ