IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK L. OYAMA,<br><br>      Plaintiff,<br><br>  vs.<br><br>UNIVERSITY OF HAWAII;<br>CHRISTINE SORENSEN; JEFFERY<br>MONIZ; JOHN DOES 1-25; JANE<br>DOES 1-25,<br><br>      Defendants. | Civ. No. 12-00137 HG-BMK |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 57)**

Plaintiff Mark L. Oyama seeks reconsideration of the Court's Order granting summary judgment to Defendants University of Hawaii, Christine Sorensen, and Jeffery Moniz.  On April 23, 2013, the Court issued its Order granting summary judgment to the Defendants, and entered a final judgment on the same day. Plaintiff moves for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60, and Local Rule 60.1.

For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED.**

**PROCEDURAL HISTORY**

The Order that Plaintiff Mark L. Oyama ("Plaintiff" or "Oyama") wishes to have reconsidered, issued on April 23, 2013,

1

provide a detailed procedural history. The Court includes the procedural history relevant to the instant motion.

On March 9, 2012, Plaintiff filed a Complaint. (ECF No. 1.)

On January 2, 2013, Plaintiff filed a Motion for Partial Summary Judgment as to Defendants' Liability. (ECF No. 22.)

The same day, Defendant University of Hawaii filed a Motion for Summary Judgment (ECF No. 24) and Defendants Christine Sorensen and Jeffery Moniz filed a Motion for Summary Judgment. (ECF No. 26.)

On April 23, 2013, the Court granted Defendants' Motions for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment. (ECF No. 53.) The same day, the Court entered a Final Judgment (ECF No. 54.)

On May 3, 2013, Plaintiff filed a "Motion for Reconsideration of Order Granting the Defendants' Motions for Summary Judgment Filed April 23, 2013, And To Set Aside Judgment Entered April 24, 2013." (ECF No. 57.) Plaintiff incorrectly lists April 24, 2013 as the date judgment was entered. The final Judgment was entered on April 23, 2013. (ECF No. 54.)

On May 24, 2013, Defendants University of Hawaii, Christine Sorensen, and Jeffery Moniz ("Defendants") filed an Opposition. (ECF No. 60.)

On June 7, 2013, Plaintiff filed a Reply. (ECF No. 61.)

The Court elected to decide Plaintiff's Motion for

Reconsideration without a hearing pursuant to Local Rule 7.2(e).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) motions "to alter or amend a judgment" may be granted for four reasons: (1) to correct a manifest error of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to account for an intervening change in controlling law. Haskell v. State Farm Mut. Auto. Ins. Co., 187 F. Supp. 2d 1241, 1244 (D. Haw. 2002) (citing 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)

Fed R. Civ. P. 60(b) provides for relief from judgments or orders:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other

reason that justifies relief. Fed. R. Civ. P. 60(b).  Such relief is within the discretion of the district court and will not be reversed absent abuse of discretion.  Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  A motion for reconsideration, according to District of Hawaii Local Rule 60.1, must be filed not more than fourteen (14) days after the court's written order is filed.[1]

In Mustafa v. Clark County School District, 157 F.3d 1169, 1178-79 (9th Cir. 1998), the Ninth Circuit Court of Appeals held that a motion for reconsideration is justified on any of three grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.

A successful motion for reconsideration must accomplish two goals.  First, the motion must demonstrate some reason why the court should reconsider its prior decision.  Second, the motion must set forth facts or law that are strongly convincing to induce the court to reverse its prior decision. See Na Mamo O'Aha'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citations omitted).

---

[1] Local Rule 60.1 provides that motions for reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable.

## ANALYSIS

Plaintiff's Motion for Reconsideration does not specify under which subpart of Fed. R. Civ. P. 59 or 60 he is bringing his motion. A review of Plaintiff's arguments reveals that he seeks reconsideration based on (1) the discovery of new evidence and (2) manifest error of law or fact upon which the judgment is based.

**1.   Discovery of new evidence**

A plaintiff cannot present arguments or evidence in a motion for reconsideration that could reasonably have been raised earlier in the litigation. See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). To support a motion for reconsideration based upon newly discovered evidence, the movant is obliged to show not only that the evidence was newly discovered or unknown, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing. Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

The Court held a hearing on the Motions for Summary Judgment on March 12, 2013. All of Plaintiff's evidence submitted in support of his Motion for Reconsideration pre-date March 2013. Exhibits 1-3 and 5-7 are dated between May 2011 and August 2011.[2]

---

[2]   See Plaintiff's Motion for Reconsideration: (Exhibit 1) dated May 16, 2011, email from Professor Irv King to Oyama; (Exhibit 2) dated July 6, 2011, email from Dean Moniz to Oyama;

Exhibit 8 is dated January 5, 2012.[3]  Additionally, Exhibits 3 and 7 were letters previously submitted to the Court on January 2, 2013 as exhibits to the Defendants' Concise Statement of Facts in Support of the Motions for Summary Judgment.  (ECF Nos. 25 & 26 at Ex. 9, 10.)  Plaintiff has failed to show why he did not produce this evidence at the March 12, 2013 hearing.

Plaintiff has not included any new evidence not previously available to him.  The Court will not reconsider its April 23, 2013 Order based on evidence and legal argument that could have been presented at the hearing on March 12, 2013.  Kona Enterprises, 229 F.3d at 890.

### 2. Manifest error of law or fact

In his Motion for Reconsideration, Plaintiff argues that the Defendants' decision to deny Plaintiff a student teacher placement was not an academic determination, but instead it was punishment for the content of his speech.  (Motion for Reconsideration at 7.)  Plaintiff made the same argument in his

---

(Exhibit 3) dated July 29, 2011, letter from Dean Moniz to Oyama; (Exhibit 5) dated 5 August 15, 2011, email from Stephanie Lee, University of Hawaii Judicial Affairs Support Specialist, to Oyama; (Exhibit 6) dated August 16, 2011, email from Oyama to University of Hawaii Vice Chancellor for Academic Affairs, Reed W. Dasenbrook; (Exhibit 7) dated August 23, 2011, letter from Krystyna S. Aune, Interim Associate Vice Chancellor, to Oyama responding on behalf of Vice Chancellor Dasenbrook.

[3] See Plaintiff's Motion for Reconsideration at Exhibit 8, dated January 5, 2012, letter from Stephanie Lee to Oyama. Exhibit 4, undated, Flow Chart of the "Process for Resolving Academic Grievances."

Motion for Partial Summary Judgment (ECF No. 22) and in his Oppositions to Defendants' Motions for Summary Judgment. (ECF Nos. 29, 30.)

Plaintiff appears to argue that the Defendants' treatment of Plaintiff's grievance illustrates that Dean Moniz's decision to deny a student teaching placement was not an academic decision. (Reply at 2.) The Court addressed Plaintiff's arguments regarding the University of Hawaii's grievance process in its April 23, 2013 Order and held that the University did not violate Plaintiff's constitutional rights. Mere disagreement with a previous order is an insufficient basis for reconsideration. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Leong v. Hilton Hotels Corp., 689 F.Supp. 1572 (D. Haw. 1988)). Plaintiff has not established that the Court's April 23, 2013 Order contained a manifest error of law or fact.

/
/
/
/
/
/
/
/

**CONCLUSION**

It is **HEREBY ORDERED** that:

1. Plaintiff's Motion for Reconsideration of Order Granting the Defendants' Motions for Summary Judgment Filed April 23, 2013, And to Set Aside Judgment Entered April 24, 2013 (ECF No. 57) is **DENIED**.

DATED:   Honolulu, Hawaii, June 28, 2013.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Mark L. Oyama v. University of Hawaii; Christine Sorensen; Jeffery Moniz; John Does 1-25; Jane Does 1-25; Civil No. 12-00137 HG-BMK; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 57).**